GILLESPIE, Chief Justice:
Ruben D. Prescott and W. M. (Chubby) Ellis were candidates for Supervisor of District 2, Lowndes County, in the second Democratic Primary on August 27, 1971. The official returns indicated Ellis the winner by eleven votes, and Prescott contested the election. A hearing was held by the Democratic Executive Committee of Lowndes County and Ellis was declared the winner.
Prescott filed in the Circuit Court of Lowndes County a petition for judicial review, alleging forty-six irregularities of various kinds. The chancellor designated *636 under Mississippi Code 1942 Annotated section 3183 heard the case and, with the concurrence of the three election commissioners in attendance, adjudged Ellis the nominee of the Democratic Party. Prescott appealed to this Court. The bill of exceptions does not include the evidence, the facts not being subject to review. Miss.Code 1942 Ann. § 3185 (1957).
The official returns showed a total of 271 votes at Box 2, V.F.W. with Ellis receiving 151, and Prescott, 120. At this box the receiving manager and the initialing manager were one and the same person. Prescott tendered proof that in thirteen other boxes the receiving manager and the initialing manager were one and the same person, although only Box 2, V.F.W., was included in Prescott’s written contest. In his answer, Ellis stated that if the Court excluded the votes in boxes where an individual was both the receiving manager and initialing manager, then it should exclude five other boxes (where Prescott received a total of 365 votes more than Ellis) where the receiving manager and the initialing manager were one and the same person. In sum, the record shows that in nearly half the boxes an individual was both receiving manager and initialing manager.
Mississippi Code 1942 Annotated section 3164 (1957) provides in part as follows:
At all primary elections the polls shall be opened at seven o’clock in the morning and be kept open until six o’clock in the evening and no longer. Upon the opening of the polls, and not before, the managers of the election shall designate one of their number, other than the manager theretofore designated to receive the blank ballots, who shall thereupon be known as the initialing manager.
In every case considered by this Court where the same person was receiving manager and the initialing manager, it has held the provision of the foregoing statute mandatory.
In Sinclair v. Fortenberry, 213 Miss. 219, 56 So.2d 697 (1951), this Court said:
There are obvious reasons why the legislature should have provided that the initialing manager shall be a person other than the manager designated to receive the blank ballots. The legislature was attempting to safeguard the integrity of the ballots and to prevent the fraudulent substitution of other ballots for the ballots marked by the voters. The initialing manager is required to place his initials on each ballot before it is deposited in the ballot box, thereby attesting the genuineness of the ballot. If the manager designated to receive the blank ballots were permitted to serve as initialing manager, he might easily substitute other ballots initialed by him for ballots marked by the voters. (213 Miss. at 231, 56 So.2d at 701-702).
See also Ulmer v. Currie, 245 Miss. 285, 147 So.2d 286 (1962).
The trial judge in the present case found no evidence of fraud but stated that he had never seen as many errors in the technicalities of holding elections. He also expressed doubt as to whom should be designated the Democratic nominee.
The invalidity of the ballots in the boxes where the same person was the initialing manager and the receiving manager requires the reversal of this case. There has been such a substantial departure from the procedures outlined in the Corrupt Practices Act that it is impossible to arrive at the will of the voters. Hayes v. Abney, 186 Miss. 208, 188 So. 533 (1939); Ulmer v. Currie, 245 Miss. 285, 147 So.2d 286 (1962).
Therefore, we declare the election for Supervisor, District 2, Lowndes County, to be void and it is cancelled and set aside. A special election shall be called and held as provided by Mississippi Code 1942 Annotated section 3187 (1957).
Reversed and rendered.
All Justices concur, except SUGG, J., who took no part.